■ Sandra Smith et al., Appellants, v Kenben Industries, Ltd., et al., Respondents, et al., Defendants. [62 NYS3d 522]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated June 10, 2015, as granted the motion of the defendants Kenben Industries, Ltd., and Julio Cruz for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Sandra Smith did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs to the plaintiffs payable by the defendants Kenben Industries, Ltd., and Julio Cruz, and the motion is denied.

The defendants Kenben Industries, Ltd., and Julio Cruz (hereinafter together the Kenben defendants) met their prima facie burden of showing that the plaintiff Sandra Smith (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The Kenben defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the injured plaintiff's spine did not constitute a seri-

ous injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiffs submitted evidence raising a triable issue of fact as to whether the injured plaintiff sustained a serious injury to the lumbar region of her spine under the significant limitation of use category of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Estrella v GEICO Ins. Co.*, 102 AD3d 730, 731-732 [2013]). Thus, the Supreme Court should have denied the Kenben defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.